I agree with the opinion, but I see no need to invoke the exception to the directed verdict test recognized in Lavoie.
Clearly, these facts entitled Ms. Kountz to a directed verdict on the contract claim. She had dental work performed on her front teeth immediately following severe injury inflicted to those teeth in a brutal physical assault to her face. The last of three denials of payment by the insurer was based on the unsubstantiated suspicion that the claim form contained a forged signature of the treating dentist. It is by far the clearest case of willful failure to pay an insurance claim without any legal basis that has yet come before our Court. For this reason I would not reach the exception to the directed verdict test.
I think it is appropriate, here, to caution the reader that neither Lavoie nor the instant case should be read as weakening the application of the directed verdict test in a bad faith claim context. It is a valid and useful threshold gauge, testing whether the bad faith claimant has met the first prong of his prima facie burden — that is, whether he was entitled, as a matter of law, to recover on the contract claim. If not, there "endeth" the tort claim of bad faith. If so, the claimant must meet the second prima facie prong: that the insurer acted in bad faith in failing to process or to pay the claim.
The exception to the directed verdict test, contemplated inDutton and recognized in Lavoie, is a very narrow one. It is not overly simplistic to state the Lavoie exception thusly: The law will not permit the insurer to create a fact issue by testimony from its own employees, the veracity of which is subject to rejection by the trier of facts, and thus defeat a claimant's motion for a directed verdict on the contract claim and thereby preclude a bad faith claim. If the factfinder rejects the factual basis for denial, and that basis is supplied solely by the testimony of the insurer's agents or employees, it would be ludicrous to allow such wrongful conduct to defeat, rather than enhance, a bad faith claim. To hold otherwise would be to reward one for his own wrongdoing. This exception strengthens, rather than weakens, the general rule.
One further comment: I think it is more confusing than helpful to discuss the requisite elements of punitive damages in a bad faith context in terms of either "malice" on the one hand or "wanton and reckless" on the other. The very definition of bad faith failure to pay a valid insurance claim embraces the concept of an intentional injury: the highest degree of culpability known to the law of torts. If the evidence does not support a finding of intentional refusal to pay without a legally or factually debatable reason, the tort claim fails. If the evidence does support a tort claim, it necessarily is a proper case for punitive damages. Language that implies a two-tier test is misleading and improper.